David S. Kupetz (CA Bar No. 125062)
    *dkupetz@sulmeyerlaw.com*
Marcus A. Tompkins (CA Bar No. 190922)
    *mtompkins@sulmeyerlaw.com*
Tamar Kouyoumjian (CA Bar No. 254148)
    *tkouyoumjian@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Bankruptcy Counsel for AFC Acquisition Corp.,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>AFC ACQUISITION CORP.,<br>a Delaware corporation, dba American Home, American Warehouse Plus, and American Furniture Company,<br><br>Debtor.<br><br>Tax Id # 20-3499575 | Case No. 2:08-bk-28517-BR<br><br>Chapter 11<br><br>**STIPULATION BETWEEN DEBTOR, TUCSON ELECTRIC POWER COMPANY, AND UNS GAS, INC. RESOLVING DEBTOR'S OBJECTION AND MOTION TO DISALLOW SECTION 503(b)(9) PRIORITY CLAIM AND RESOLVING GENERAL UNSECURED CLAIMS**<br><br>DATE: July 15, 2009<br>TIME: 10:00 a.m.<br>PLACE: U.S. Bankruptcy Court<br>Courtroom 1668<br>255 East Temple Street<br>Los Angeles, CA 90012 |

[TKOUYOUMJIAN\MTN\527390.1]

## PARTIES

This stipulation (the "Stipulation") is entered into by and between AFC Acquisition Corp, debtor and debtor in possession in the above-captioned chapter 11 reorganization case (the "Debtor"), Tucson Electric Power Company ("TEP") and UNS Gas, Inc. ("UNS"). The Debtor, TEP and UNS shall be collectively referred to herein as the "Parties."

## RECITALS

The Parties enter into this Stipulation with reference to the following facts:

1. The Debtor commenced the above-captioned reorganization case by filing a voluntary chapter 11 petition on November 2, 2008.

2. On February 13, 2009, TEP and UNS ("Claimants") filed a Proof of Claim form, which is identified on the Official Claim Register as Claim No. 443, by which Claimants assert a non-priority unsecured claim against the Debtor's estate in the amount of $74,472.39.

3. Also on February 13, 2009 Claimants filed a second Proof of Claim form, which is identified on the Official Claim Register as Claim No. 493, by which Claimants assert a non-priority unsecured claim in the amount of $74,472.39.

4. On February 13, 2009, Claimants filed Section 503(b)(9) Claim Request Form, which is identified on the Official Claims Register as Claim No. 444, by which Claimants request payment of $38,568.50. Based thereon, in its Section 503(b)(9) Claim Request Form, Claimants request payment of $38,568.50 as an administrative expense pursuant to Bankruptcy Code section 503(b)(9) (the "Reclamation Claim").

5. On June 15, 2009, the Debtor filed a *Motion for Order Disallowing Administrative Expense Claim Asserted By Tucson Power Electric Company Under 11 U.S.C. § 503(b)(9)*, by which the Debtor requested disallowance of the Reclamation Claim. On June 29, 2009, Claimants filed a response to the Debtor's objection (the "Response"), and on July 8, 2009, Debtor filed a reply to the Response (the "Reply"). The sole issue in dispute is whether the electricity and natural gas provided by Claimants

1  to the Debtor constitute "goods," which would entitle Claimants to payment as an
2  administrative expense under 11 U.S.C. § 503(b)(9).
3       6.    The Debtor also objects to Claim No. 493 on the ground that such
4  claim is duplicative of Claim No. 443. However, the Debtor has not yet filed a formal
5  objection to Claim No. 493.
6       7.    To avoid further attorney's fees, costs and the burdens and risks of
7  litigation, the Parties agree to resolve the Debtor's objections to the Reclamation Claim
8  and Claim No. 493, as set forth in this Stipulation.

## STIPULATION

**WHEREFORE**, based on the above, the Parties hereby agree and stipulate as follows:

a.    With respect to Claim No. 444, Claimants are allowed $16,000 as an allowed 503(b)(9) administrative priority claim. The remaining balance of $22,568.50 shall be treated as an allowed general unsecured claim.

b.    With respect to Claim No. 443 in the amount of $74,472.39, Claimants shall have an allowed general unsecured claim.

c.    With respect to Claim No. 493, the claim will be disallowed in its entirety as duplicative of Claim No. 443.

[TKOUYOUMJIAN\MTN\527390.1]    3

8.  Except as between the Parties, this Stipulation shall have no precedential value.

Dated: July 10, 2009

**Sulmeyer**Kupetz,
a Professional Corporation

By: _____
Tamar Kouyoumjian
Bankruptcy Counsel to AFC Acquisition Corp.

Dated: July 10, 2009

Law Offices of Gilbert L. Hamberg

By: _____
Gilbert L. Hamberg
Counsel for Tucson Electric Power Company
and UNS Gas, Inc.

[TKOUYOUMJIAN\MTN\527390.1]

4

| In re: | CHAPTER: 11 |
|---|---|
| AFC ACQUISITION CORP. | |
| Debtor(s). | CASE NUMBER: 2:08-bk-28517-BR |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P.5 and/or controlling LBR, on <u>July 10, 2009</u>, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**TUCSON ELECTRIC POWER CO./UNS GAS, INC.**
c/o Teresa A. Blasberg, Esq.
**Blasberg & Associates**
**526 N. Juanita Avenue**
**Los Angeles, CA 90004**
**FAX: (213) 239-0364**

**TUCSON ELECTRIC POWER CO./UNS GAS, INC.**
c/o Gilbert L. Hamberg, Esq.
**1038 Darby Drive**
**Yardley, PA 19067**
**FAX: (215) 321-6909**

**The Honorable Barry Russell**
**U.S. Bankruptcy Court**
**255 E. Temple St., Room 1668**
**Los Angeles, CA 90012**

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 10, 2009 | Kathleen Fox | *[signature]* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

[KFOX\BANKR\527430.2 7/10/2009 (2:54 PM)]    This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1